IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Jerome Addison, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 8:20-cv-4010-TMC |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| | ) | |
| Levern Cohen, | ) | |
| Respondent. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

Petitioner Jerome Addison, a state prisoner proceeding *pro se* and *in forma pauperis*, filed this habeas petition pursuant to 28 U.S.C. § 2241. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. The magistrate judge issued a Report and Recommendation ("Report") recommending that this action be dismissed without prejudice and without requiring Respondent to file an answer or return. (ECF No. 9). Petitioner filed objections to the Report in a timely fashion. (ECF No. 11). This matter is now ripe for review.

Because the Report sets forth the background facts at length, the court will only recount them briefly here. Petitioner was convicted in state court of kidnapping and assault and battery with the intent to kill and sentenced on September 5, 1997. (ECF Nos. 1 at 1; 9 at 1). In the petition currently before the court, Petitioner challenges three indictments related to his underlying conviction. (ECF Nos. 1 at 2; 9 at 1). Petitioner has previously filed in this court is at least four § 2254 petitions challenging his state court criminal conviction and sentence. His first petition was dismissed with prejudice on August 7, 2001. *See Addison v. State of S.C.*, 2:00-cv-2557-12AJ

(D.S.C. Aug. 7, 2001) (adopting the Report and Recommendation). Petitioner subsequently filed three habeas actions pursuant to § 2254, each of which was dismissed as an unauthorized successive petition. *See Addison v. SCDC et al.*, 2:02-cv-2271 (D.S.C. Jan. 29, 2004); *Addison v. State of South Carolina*, 2:05-cv-3479 (D.S.C. Dec. 8, 2005); and *Addison v. Circuit Court Administration et al.*, 2:08-cv-3717 (D.S.C. Dec. 8, 2008).

The magistrate judge concluded that, although Petitioner purports to bring his latest challenge to his state conviction and sentence pursuant to 28 U.S.C. § 2241, his habeas petition should be construed as an action filed pursuant to § 2254 and dismissed as successive. (ECF No. 9 at 3). The magistrate judge noted that courts in this district have repeatedly held "that prisoners who are in custody under a state court judgment . . . may not resort to § 2241 in an attempt to circumvent the procedural requirements of § 2254 such as the statute of limitations and the restrictions on second or successive petitions." *Id*. at 4. The magistrate further found that, had Petitioner asserted his claims attacking his conviction and sentence pursuant to § 2254 as he must, it would be a successive petition because he has previously attacked the same conviction under § 2254. *See Addison v. State of S.C.*, 2:00-cv-2557-12AJ (D.S.C. Aug. 7, 2001) (adopting the Report and Recommendation and dismissing petition on the merits). Finally, the magistrate judge found that Petitioner has not obtained authorization from the Fourth Circuit Court of Appeals to file the instant Petition as required by § 2244(b) and concluded, therefore, that the court does not have jurisdiction to consider it. (ECF No. 9 at 7).

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report to which a specific

objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017). "An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Id.* at 662 n.6 (quoting *United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents, Known As: 2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). On the other hand, objections which merely restate arguments already presented to and ruled on by the magistrate judge or the court do not constitute specific objections. *See, e.g.*, *Howard v. Saul*, 408 F. Supp. 3d 721, 726 (D.S.C. 2019) (noting "[c]ourts will not find specific objections where parties 'merely restate word for word or rehash the same arguments presented in their [earlier] filings'"); *Ashworth v. Cartledge*, Civ. A. No. 6:11-cv-01472-JMC, 2012 WL 931084, at *1 (D.S.C. March 19, 2012) (noting that objections which were "merely almost verbatim restatements of arguments made in his response in opposition to Respondent's Motion for Summary Judgment . . . do not alert the court to matters which were erroneously considered by the Magistrate Judge"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Petitioner's objections to the Report are largely nonsensical and completely unrelated to the Report. *See* (ECF No. 11). Petitioner indicates he is challenging "separation of powers violations" and proceeds to quote various portions of Article I of the United States Constitution.

3

*See id.*. In support of his objections, Petitioner submitted an affidavit describing the indictments underlying his convictions and which he apparently challenges. (ECF No. 11-1). Nothing Petitioner has filed constitutes a specific objection to the Report. The court has conducted a careful and thorough review of the Report and the record under the appropriate standards, as set forth above, and finds no clear error and perceives no reason to deviate from the recommendations of the magistrate judge. Accordingly, the court **ADOPTS** the Report and incorporates it herein. (ECF No. 9). The court **DISMISSES** Plaintiff's § 2241 petition (ECF No. 1) without prejudice and without requiring Respondent to file a return.

Finally, a certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that the petitioner failed to make a "substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
February 3, 2021